IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian James Calloway, | ) | |
| | ) | Cr. No. 5:05-1250 |
| Movant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Movant Brian James Calloway is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI-Edgefield in Edgefield, South Carolina. On April 17, 2015, Movant, proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and a supplemental § 2255 motion on February 10, 2016. A second supplemental § 2255 motion was filed by counsel on June 10, 2016.

## I. FACTS AND PROCEDURAL HISTORY

On June 26, 2006, Movant pleaded guilty to distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Count 2), and felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1), 924(a)(2), and 924(e)(1) (Count 3). A presentence investigation report (PSR) was prepared by the United States Probation Office. The PSR noted that Movant has a prior conviction for possession of cocaine with intent to distribute in the Court of General Sessions for Charleston County, South Carolina. ECF No. 61, ¶ 21. He also has a prior conviction for purse snatching in the Court of General Sessions for Orangeburg County, South Carolina. Id. ¶ 23. Movant's criminal history score was 6, for a criminal history category of III. However, Movant was designated as a career offender based upon his prior drug offense and prior crime of violence. Therefore, Movant's

criminal history category became VI.

The PSR provided for a combined adjusted offense level of 28. Because Movant was designated as a career offender, his offense level under U.S.S.G. § 4B1.1 became 34. Movant received a 3-level reduction for acceptance of responsibility, for a total offense level of 31. On April 17, 2007, Movant was sentenced under the Guidelines to 188 months imprisonment as to Count 2 and 120 months imprisonment as to Count 3, to run concurrently. Judgment was entered April 19, 2007.

Movant asserts in his April 17, 2015, § 2255 motion that purse snatching is not a crime of violence and that he should not have been sentenced as a career offender. Respondent United States of America filed a motion to dismiss on May 18, 2015, asserting that Movant's § 2255 motion was untimely and that Movant raised a claim not cognizable on collateral review. Relying on United States v. Williams, Cr. No. 0:12-197-CMC, 2014 WL 6749095 (D.S.C. Dec. 1, 2014), Respondent also argued that, contrary to Movant's position, purse snatching is a crime of violence. On May 18, 2015, the court issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Movant of the summary judgment procedures and the possible consequences if he failed to respond adequately. On May 20, 2015, Movant moved to supplement his § 2255 motion to include a claim of ineffective assistance of counsel. The government supplemented its motion to dismiss on June 2, 2015, to dispute Movant's claim of ineffective assistance of counsel. Movant filed a response to Respondent's motion to dismiss on June 15, 2015.

On July 13, 2015, Movant again supplemented his § 2255 motion. Movant cited to Johnson v. United States, 133 S. Ct. 2551 (2015), wherein the Supreme Court found the "residual clause" of the Armed Career Criminal Act to be unconstitutionally vague. Movant argued his conviction for

purse snatching falls under the "residual clause" of U.S.S.G. § 4B1.2, which contains similar language as that found unconstitutional in Johnson, and thus purse snatching cannot serve as a predicate offense. Movant also argued that the career offender enhancement violates the Ex Post Facto Clause of the United States Constitution. Movant made additional arguments in reliance on Johnson in supplements to his § 2255 motion filed on September 18, 2015, February 10, 2016, and April 25, 2016.

Movant filed a motion for summary judgment on September 24, 2015, seeking immediate release from custody. He also filed a motion for release from custody on March 18, 2016. On May 24, 2016, counsel made an appearance on behalf of Movant. Counsel filed a supplemental § 2255 motion on June 10, 2016, arguing that Johnson operates to invalidate the "residual clause" of § 4B1.2(a)(2). Counsel noted that the Supreme Court had made Johnson retroactive on collateral review in Welch v. United States, 136 S. Ct. 1257 (2016). Finally, counsel asserted that purse snatching does not qualify as a "force clause" offense under U.S.S.G. § 4B1.2(a)(1). Also on June 10, 2016, counsel filed a motion for bond.

Respondent filed timely responses to Movant's various motions, as well as a second motion to dismiss on July 13, 2016. On November 29, 2016, the court issued an order holding Movant's § 2255 motion in abeyance pending the Supreme Court's disposition of Beckles v. United States, a case wherein a defendant challenged his Guidelines sentence under Johnson. The Court decided Beckles on March 6, 2017. Respondent filed a supplemental response in opposition to Movant's § 2255 motion on May 26, 2017. Movant filed a response in opposition on June 6, 2017. The matter now is ripe for disposition.

DISCUSSION

A.    Timeliness of § 2255 Motion

The government contends that Movant's initial § 2255 motion is untimely under § 2255(f)(4), which provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Movant did not file an appeal of his conviction or sentence.  Thus, Movant's judgment became final on or about May 3, 2007, ten days after entry of judgment.[1]  See United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (citing Clay v. United States, 537 U.S. 522, 532 (2003) (holding that § 2255 motion must be filed within one year from the date on which the criminal judgment becomes final by the conclusion of direct review or expiration of the time for seeking such review)).  Movant's  limitations period under § 2255(f)(1) expired on May 5, 2008.[2] Movant's initial § 2255 motion was not filed until April 17, 2015, nearly seven years later.  Movant's

---

[1] Ten days excluding weekends and holidays.  See Fed. R. App. P. 26(a)(2).  The time for filing an appeal was changed to fourteen days in 2009.  See Fed. R. Crim. P. 4(b)(1)(A).

[2] May 3, 2008, was a Saturday.  Movant's one-year limitations period expired on the next business day, Monday, May 5, 2008.  See Fed. R. App. P. 26(a)(3).

§ 2255 motion, as supplemented prior to the Court's decision on June 26, 2015, in <u>Johnson</u>, is untimely.

B.      <u>Impact of Johnson v. United States</u>

As noted hereinabove, a Movant may bring a claim within one year of the date on which a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  As relevant here, in <u>Johnson</u> the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony.   Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that–
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In <u>Johnson</u>, the Court determined that the language known as the residual clause–i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another"–is unconstitutionally vague.

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines, which define a "crime of violence" as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). As with the ACCA, the clause beginning with "or otherwise" in this definition is known as the residual clause.

In Beckles, the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a), and that the Guidelines' residual clause was unconstitutionally vague under Johnson. The Court found, however, that

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Beckles, 137 S. Ct. at 893.

In its supplemental memorandum in support of its motion to dismiss, Respondent argues that because Johnson does not invalidate the advisory Guidelines, the limitations period in § 2255(f)(3) is not applicable and Movant's basis for relief has been rejected by the Supreme Court. Movant, through counsel, concedes this matter and, for the record, contends Beckles was wrongly decided. The court is constrained to conclude that Movant's § 2255 claim under Johnson is without merit.

CONCLUSION

For the reasons stated, Movant's § 2255 motion, as supplemented (ECF Nos. 68, 85, 93), and motion for summary judgment (ECF No. 81) are **denied and dismissed** as untimely and without merit under Johnson. Movant's motions for release (ECF No. 81, 86, 94) are **denied**. Respondent's motions to dismiss (ECF Nos. 72, 104) are **granted**. The court takes no position on whether purse snatching is a crime of violence.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a

6

constitutional right." 28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing for the reasons set forth hereinabove.  Accordingly, the court **denies** a certificate of appealability.

      **IT IS SO ORDERED**.

                                          /s/ Margaret B. Seymour
                                          Senior United States District Judge

Columbia, South Carolina

June 13, 2017